IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JACQUELYNE GRAHAM, | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| ADP TOTALSOURCE, INC. and THE LAW OFFICES OF RORY W. CLARK | : | No. 14-3181 |

**NORMA L. SHAPIRO, J.**                                                     June 17, 2015

## MEMORANDUM

Before the court is the motion to dismiss the first amended complaint of plaintiff Jacquelyne Graham ("Graham") under Federal Rule of Civil Procedure 12(b)(6) filed by defendants ADP TotalSource, Inc. and The Law Office of Rory W. Clark, A Professional Law Corporation. The motion to dismiss will be granted without leave to amend.

### I. BACKGROUND

Graham, formerly a resident of Ventura County, California, alleges she and her former husband purchased a used vehicle for approximately $8,000 about ten years ago. Am. Compl. ¶ 8. The vehicle was repossessed in California when Graham and her former husband stopped making installment payments. *Id.* at ¶ 9. Graham alleges the repossession was listed as a "write-off" on her credit report. *Id.* at ¶ 10. In 2005, The Law Offices of Rory W. Clark ("Clark") filed a civil action against Graham on behalf of its client Credit Acceptance Corporation, an automobile financial services company providing automobile loans, to recover a deficiency balance following repossession of the vehicle. Mot. Dismiss at 2; *see* Register of Actions re: *Credit Acceptance Corporation v. Jacqueline Graham* ("ROA") (paper no. 19, Ex. A). Graham was personally served with the summons and complaint at her then-residence in California. ROA at #8. In June 2006, the Superior Court of California–Ventura County entered a default judgment against Graham. *Id.* at

1

#19-26.  Writs of garnishment were issued by the court.  *Id.* at #31, 33.  On February 5, 2013, the most recent writ of garnishment was issued.  *Id.* at #33.

On or around June 6, 2013, Graham's employer, Connolly, Inc., was served in Los Angeles, California with an Earnings Withholding Order to withhold and remit to the Sheriff's Department of Los Angeles County certain amounts from Graham's wages until a total amount of $17,460.77 was collected.  Mot. Dismiss at 2; Earnings Withholding Order (paper no. 19 , Ex. B).  The Earnings Withholding Order was forwarded by Connolly, Inc. to ADP TotalSource, Inc. ("ADP"), the payroll processor for Connolly, Inc.  Mot. Dismiss at 2.

Graham secured new employment in Pennsylvania.  Am. Compl. ¶ 15.  On or about June 17, 2013, while residing in Pennsylvania, Graham alleges her employer received a letter stating ADP had a "Court Order/Notice to Withhold Earnings for an obligation in Plaintiff's name." *Id.*  A total of $5, 736.95 was garnished from her wages during the next three months.  *Id.* at ¶ 17.

On August 16, 2013, Connolly, Inc. and the ADP Wage Garnishment Unit received a letter from Graham's counsel stating, "Wage garnishment is unlawful and in Pennsylvania (where Ms. Graham works), this matter will soon be in litigation against the garnishor and its counsel."  Mot. Dismiss at 3; Letter from Plaintiff's Counsel Dated August 16, 2014 (paper no. 19, Ex. C).  On June 4, 2014, Graham filed this civil action.  The defendants filed a motion to dismiss her complaint.  On September 15, 2014, Graham filed an amended complaint alleging the defendants violated: The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* (Count One)*;* the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. S.A. §§ 2270 *et seq.* (Count Two); and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. S.A. §§ 201-1 *et seq.* (Count Three).  Am. Compl. (paper no. 11).  Defendants moved to dismiss

the amended complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Mot. Dismiss (paper no. 19).

## II. JURISDICTION

The court has federal question jurisdiction over Graham's FDCPA claim under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this district. This court will exercise supplemental jurisdiction over the state law claims because they are so related to the federal FDCPA claim they form part of the same case or controversy, *see* 28 U.S.C. § 1367(a), and judicial economy does not warrant two separate proceedings in state and federal court on these interrelated claims. *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted. When considering a motion to dismiss, a court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3rd Cir. 2002).

A complaint must contain sufficient facts that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements," do not establish a plausible allegation. *Id.*

## IV. DISCUSSION

### A. Violation of the Fair Debt Collection Practices Act ("FDCPA") (Count I)

Graham alleges the defendants "collected a debt which was not owed–Defendants had no right to possession of the property claimed as collateral through an enforceable security interest." Am. Compl. ¶ 19.[1] Graham asserts the defendants violated the FDCPA, 15 U.S.C. § 1692 *et seq.*, by "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property...if there is no present right to possession of the property claimed as collateral through an enforceable security interest." Am. Compl. ¶ 24. Graham's wages were not taken in a "nonjudicial action" but withheld by judicial action of the Superior Court of California–Ventura County. Graham's assertion is a conclusion of law not supported by factual allegations. *Iqbal*, 556 U.S. at 679.

In Count I of her complaint, Graham alleged the defendants' conduct violated the FDCPA by threatening and garnishing Graham's wages in violation of Pennsylvania law. Compl. ¶ 16 (paper

---

[1] Graham alleges the repossession of her car was listed as a "write-off" on her credit report, Am. Compl. ¶ 10. Writing-off a debt does not eliminate liability. *See In re Zilka*, 407 B.R. 684, 687 (Bankr. W.D. Pa. 2009):

> As an initial matter, the Court holds, as a matter of law, that when a lender issues an account statement to its borrower indicating that an outstanding loan balance equals $0.00 because such loan has been charged off, such "is not the legal equivalent of forgiving [–i.e., discharging liability on–] a debt." *Discover Bank v. Worsham*, 176 P.3d 366, 368 (Okla. Civ. App. 2007).

A debt written-off by a creditor is legally due and owing by the debtor when there is no evidence of either a novation or an accord and satisfaction. *In re Corson*, 2004 WL 5865045, at *10 (Bankr. E.D. Pa. 2004). Graham fails to provide any evidence of a novation or an accord and satisfaction. Graham's debt, even if "written-off" on her credit report, is still due and owing.

4

no. 1). Graham removed this allegation from Count I of the amended complaint, but in Count III of the amended complaint stated the defendants "unlawfully garnished Plaintiff's wages," Am. Compl. ¶ 31.

Under California law, garnishment of an individual's wages is permitted. Cal. Code Civ. Proc. § 706.010 *et seq*. Under Pennsylvania law, garnishment of an individual's wages is generally prohibited, 42 Pa. Cons. Stat. § 8127(a), but a Pennsylvania resident's wages may be garnished if a valid wage attachment has been issued against the Pennsylvania resident in a foreign forum state.[2] *Bolton v. Pennsylvania Co.*, 88 Pa. 261, 261-63 (1878). Pennsylvania law defers to the laws of the forum state when a judgment is entered in a foreign jurisdiction issuing a valid wage attachment against a Pennsylvania citizen. *West v. Ford Motor Credit Co.*, 2013 WL 497159, at *3 (E.D. Pa. 2013). The *West* court stated:

> It is well established in Pennsylvania that the laws pertaining to procedures and exemptions in attachment and garnishment are governed by the law of the forum state. *Hughes v. Prudential Lines, Inc.*, 425 Pa. Super. 262, 624 A.2d 1063, 1065 (Pa. Super. Ct. 1993) (citing *Caddie Homes, Inc. v. Falic*, 235 A.2d 437, 439 (Pa. Super. Ct. 1967)); *see Ankrom v. Ankrom*, 531 A.2d 509, 512 n.4 (Pa. Super. Ct. 1987)(citation omitted). Pennsylvania courts "will not exempt from attachment wages earned by and due a citizen of Pennsylvania, even though all the work was performed in Pennsylvania, where the attachments are valid under the law of [a] sister state." *Massachusetts Mut. Life Ins. Co. v. Central-Penn Nat'l Bank of Phila.*, 300 F. Supp. 1217, 1219-20 (E.D. Pa. 1969) ([] attachments of the debtor's wages in Massachusetts, []valid under

---

[2] Graham contends 42 Pa. C.S.A. § 8127 (effective January 31, 2005) has been amended to require Pennsylvania courts to disregard prior controlling precedent and prohibit all wage collection. The Pennsylvania legislature's 2004 amendment to the Act (effective January 31, 2005) does not pertain to wage garnishment pursuant to the judgment of a foreign forum state; the amendment modified subsection (a)(3.2) of the statute, involving wage attachment arising out of a residential lease.

5

> Massachusetts law, were enforceable in Pennsylvania) (citing *Caddie Homes*, 235 A.2d at 439). *Id.* at 7-8.

Wage garnishment is permitted in California, the foreign forum state where the judgment against Graham was obtained and the writ of garnishment was executed; garnishment of Graham's wages in Pennsylvania does not violate the FDCPA. The amended complaint does not allege sufficient facts to state a plausible claim that the defendants violated the FDCPA; Count I will be dismissed.[3]

**B.** **State Law Claims: Violation of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") (Count II) and Violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count III)**

---

[3] ADP additionally alleges it is not a "debt collector" subject to the FDCPA, and cannot be held liable under that statute. Graham requests limited discovery as to whether ADP meets the statutory characteristics of a debt collector.

The FDCPA defines a debt collector as: "Any person who...in any business the principal purpose of which is the collection of any debts, or who regularly attempts to collect, directly, or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Court of Appeals for the Third Circuit, in *F.T.C. v. Check Investors, Inc.*, 502 F.3d. 159, 173 (3d Cir. 2007), noted the legislative history of the FDCPA indicates the act should primarily be applied to "independent debt collectors" (citing S.Rep. No. 95-382, at 2, 1997 U.S.C.C.A.N. at 1697).

ADP processes payroll and processed the garnishment of Graham's wages in compliance with the Earnings Withholding Order it received from Graham's employer. ADP did not initiate the garnishment of Graham's wages, and did not take possession or have an interest in collecting a debt from Graham. Since ADP was acting as a payroll and garnishment processor–not as an independent debt collector–when it processed the garnishment of Graham's wages after receiving instruction from Graham's employer, Graham's allegation that ADP is a debt collector is without factual support. *See McGown v. Silverman & Borenstein, PLLC*, 2014 U.S. Dist. LEXIS 15484, at *7, 7 n.38 (D. Del. 2014) ("ADP processed a garnishment delivered to it by Wal-Mart [plaintiff's employer], received from S&B in an attempt to collect a debt. However, just as Wal-Mart is not a debt collector, its payroll and garnishment processor cannot be a debt collector."); *McGown v. Silverman & Borenstein, PLLC*, 2014 U.S. Dist. LEXIS 56290, at *3 (D.Del. 2014) (adopting recommendations).

Since Graham has failed to establish her claims under the FDCPA, the court need not discuss whether Clark is a "debt collector" under the FDCPA.

Graham claims violations of the FCEUA and the UTPCPL based on violations of the FDCPA and garnishment of plaintiff's wages in Pennsylvania. "The FCEUA is Pennsylvania's analogue to the FDCPA," *Rubenstein v. Dovenmuehle Mortg., Inc.*, 2009 WL 3467769, at *5 (E.D. Pa. 2009), and applies to both debt collectors and creditors. *See* 73 Pa. S.A. §2270.4. The UTPCPL is designed to protect consumers of the Commonwealth of Pennsylvania from fraudulent and deceptive business practices. *See* 73 Pa. S.A. § 201-1 *et seq.; Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 881 (Pa.2007).

This court, exercising supplemental jurisdiction over state law claims, applies the law of the forum state, including its law of conflicts, to determine the substantive law to apply if there is a conflict. *See Chin v. Chrysler*, 538 F.3d 272, 278 (3d Cir. 2008); *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006). Pennsylvania law defers to the laws of the forum state when a judgment is entered in a foreign jurisdiction issuing a valid wage attachment against a Pennsylvania citizen. *West*, 2013 WL 497159, at *3. The result is the same under either California or Pennsylvania law. There is no conflict.

In Count II of the amended complaint, Graham alleges the defendants violated the FCEUA. Am. Compl. ¶ 28. The FCEUA states, "It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act." 73 Pa. S.A. § 2270.4(a). In Count III of the amended complaint, Graham alleges the defendants violated the UTPCPL by violating the FDCPA and the FCEUA, and garnishing Graham's wages. Am. Compl. ¶ 31. Graham has not alleged facts stating a plausible claim the defendants violated the FDCPA. Garnishment of Graham's wages in Pennsylvania in accordance with a valid judgment in California is not a violation of the FDCPA. Graham has failed to state plausible claims

the defendants violated the FCEUA or the UTPCPL by violating the FDCPA and garnishing Graham's wages; Counts II and III will be dismissed.

V.     **AMENDING THE COMPLAINT WOULD BE FUTILE**

Graham has already filed a first amended complaint.[4] She did not file a motion requesting leave to file a second amended complaint. Graham's wages were garnished in Pennsylvania in accordance with a California judgment and a writ of garnishment issued and executed in California. Because amendment would be futile, the court will deny plaintiff's request to file a second amended complaint. Graham's amended complaint is dismissed.

VI.    **CONCLUSION**

The court grants defendants' motion to dismiss the first amended complaint. An appropriate order follows.

---

[4] A plaintiff may amend a complaint once as a matter of course within 21 days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). For additional amendments, the plaintiff must receive the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied for: "(1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).